UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM R. MCHUGH, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1300** |
| **ST. TAMMANY PARISH, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the opposed motion[1] of Defendants—joined by certain non-party members[2] of the St. Tammany Parish Council—for a stay pending their collateral-order appeal of the Court's August 9 order and reasons[3] granting Plaintiffs' motion[4] to compel and motion *in limine* and denying Defendants' motion[5] *in limine*.

As relevant here, the Court's order and reasons concluded that Defendants failed to carry their burden, as proponents of the legislative privilege, to show that St. Tammany Parish Council Resolution No. C-6949 was a "legislative" act triggering application of the legislative privilege.[6] Because the Court concluded that Defendants failed to carry their burden to show that Resolution No. C-6949 triggered application of the legislative privilege, and because Defendants did not adequately raise in their briefing any basis independent of Resolution No. C-6949 to support application of the privilege, the Court was constrained to conclude, on the record and briefing before it,

---

[1] ECF No. 87.
[2] Kathy Seiden, Cheryl Tanner, Martha J. Cazaubon, Patrick Burke, Jeffery Corbin, Arthur Laughlin, Larry Rolling, and Rick Smith.
[3] ECF No. 85.
[4] ECF No. 69.
[5] ECF No. 70.
[6] ECF No. 85 at 23–32.

that the legislative privilege did not apply to bar disclosure of certain documents and testimony over which Defendants and the Councilmember–Movants asserted the legislative privilege.[7] The Court thus directed Defendants to produce documents withheld or redacted based on a legislative-privilege objection by noon on August 12.[8]

Yesterday, Sunday, August 11, Defendants noticed an appeal from the Court's order and reasons.[9] Later that night, Defendants moved to stay pending appeal only (1) "the effects of" the Court's order and reasons and (2) the bench trial that is set to start on August 13.[10] Defendants did not seek a stay of this case in its entirety.[11]

This morning, the Court held a telephone status conference to discuss the request for a stay in light of the bench trial scheduled to start tomorrow. The Court granted the parties until 2:00 p.m. today to submit additional briefing. They obliged.[12]

In that briefing, Plaintiffs contend that the Court should deny a stay because the Court's order and reasons is not immediately appealable.[13] Plaintiffs reason that "the collateral order doctrine does not apply," and that the criteria for 28 U.S.C. § 1292(b) certification are not met.[14] The Court need not address the criteria for Section 1292(b) certification because the Court's order and reasons denying the assertion of legislative privilege is immediately appealable as a collateral order under *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 232–34 (5th Cir. 2023)

---

[7] *Id.*
[8] *Id.* at 34.
[9] ECF No. 86.
[10] ECF No. 87 at 1.
[11] *Id.*
[12] *See* ECF No. 88 & ECF No. 89.
[13] ECF No. 89 at 1–8.
[14] *Id.* at 1.

("*Hughes*"), and *La Union Del Pueblo Entero v. Abbott*, 93 F.4th 310, 319–20 (5th Cir. 2024) ("*Bettencourt*"). The "three conditions" in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), are met here for essentially the same reasons they were met in *Hughes* and *Bettencourt*: (1) the Court's order and reasons "conclusively determines" the disputed question of the legislative privilege's application based on St. Tammany Parish Council Resolution No. C-6949; (2) the legislative privilege is "an important issue completely separate from the merits of the action"; and (3) the Court's denial of the legislative privilege is "effectively unreviewable on appeal." *See Hughes* 68 F.4th at 232–34; *Bettencourt*, 93 F.4th at 319–20. As discussed in *Hughes*, the class of claims at issue in this appeal also satisfies *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009), which allows interlocutory jurisdiction when delaying review would harm "a substantial public interest" or "some particular value of a high order." 68 F.4th at 232–33. Thus, because the Court's order and reasons is an immediately appealable collateral order under *Hughes* and *Bettencourt*, Plaintiffs' argument does not support denial of a stay.

"In considering whether to exercise its discretion" to grant Defendants' motion for a stay pending appeal, the Court "must consider four factors" articulated in *Nken v. Holder*, 556 U.S. 418, 433 (2009). *See Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). Those "*Nken* factors" are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;

3

and (4) where the public interest lies." *Nken,* 556 U.S. at 434. "The first two factors . . . are the most critical." *Id.* But "the movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Plaquemines Par.*, 84 F.4th at 373 (alterations omitted) (internal quotation marks and citation omitted).

Applying the four *Nken* factors, the Court exercises its discretion to grant a limited stay pending appeal. As for the first factor, Defendants need not show a "probability of success on the merits"; they need only "present a substantial case on the merits." *Id.* (internal quotation marks and citation omitted). The scope and application of the legislative privilege raise "serious legal question[s]." *Id.* (internal quotation marks and citation omitted); *see Bettencourt*, 93 F.4th at 319–20 (underscoring the importance of "the issue of" legislative privilege); *see also Hughes*, 68 F.4th at 233 (describing "[t]he importance" of the legislative privilege). And "the balance of the equities weighs heavily in favor of granting the stay." *Plaquemines Par.*, 84 F.4th at 373 (alterations omitted) (internal quotation marks and citation omitted). If the bench trial and relevant disclosure obligations are not stayed pending appeal, and the Fifth Circuit ultimately reverses the Court's order and reasons, then Defendants and members of the St. Tammany Parish Council will have been erroneously required to divulge privileged and confidential information, and "there would be no further point to the claim of privilege because it would be irretrievably breached and beyond the protection of an appellate court." *Bettencourt*, 93 F.4th at

319–20 (internal quotation marks and citations omitted); *accord, e.g., Hughes*, 68 F.4th at 233 ("[A]n appellate court cannot remedy the improper disclosure of privileged material in the same way [it can] remedy a host of other erroneous evidentiary rulings . . . ." (internal quotation marks and citation omitted)). Given the importance of the legislative privilege, the risk of erroneous and irremediable deprivation of that privilege if a stay is denied, and "the backdrop of . . . uncertainty" on the question of the acts that qualify as "legislative" for purposes of the legislative privilege, the Court finds that Defendants have "present[ed] a substantial case on the merits" and that the first *Nken* factor favors a stay. *See Plaquemines Par.*, 84 F.4th at 373 (alterations omitted) (internal quotation marks and citation omitted).

The second *Nken* factor, the likelihood of irreparable injury absent a stay, favors a stay for many of the same reasons given in the preceding paragraph. "[T]he denial of legislative privilege is effectively unreviewable on appeal." *Bettencourt*, 93 F.4th at 319. And as noted above, "there would be no further point to the claim of privilege" once the legislative privilege is pierced at the August 13 bench trial or through the enforcement of the disclosure obligations triggered by the Court's order and reasons. *Id.* (internal quotation marks and citations omitted).

The third and fourth *Nken* factors do not defeat the stay request in light of the Court's weighing of "the most critical" first two factors. *Nken*, 556 U.S. at 434. As for the third factor, although Plaintiffs assert that a stay will cause them to "continue to be deprived of the positions to which they were duly appointed,"[15] the limited stay

---

[15] ECF No. 89 at 10–11.

this order imposes does not outweigh the significant harm that will follow if information later-determined to be privileged and confidential enters the public domain. Finally, the public interest favors a stay pending the interlocutory appeal of the Court's otherwise unreviewable denial of legislative privilege. After all, "denials of legislative privilege affect interests far beyond those held by the [councilmembers] and the [parties] in this case." *Bettencourt*, 93 F.4th at 317. And "[e]rroneous denials of legislative privilege threaten . . . the public's 'substantial interest in ensuring that elective office remains an invitation to draft legislation.'" *Id.* (quoting *Hughes*, 68 F.4th at 233).

\*   \*   \*

In sum, because the Court concludes that Defendants have carried their burden to show that the *Nken* factors, on balance, favor a limited stay, the following aspects of this case are stayed pending Defendants' interlocutory appeal: (1) the bench trial scheduled to start on August 13; and (2) any discovery or other disclosure obligations triggered by the order and reasons—including, for example, the obligation to produce documents withheld or redacted based on a legislative-privilege objection encompassed within the appeal, as well as any obligation to provide testimony subject to an unwaived legislative-privilege claim encompassed within the appeal.

Accordingly,

**IT IS ORDERED** that the motion[16] for a stay is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion[17] for a certificate of appealability is denied as moot.

New Orleans, Louisiana, this 12th day of August, 2024.

                                                        BRANDON S. LONG
                                                       UNITED STATES DISTRICT JUDGE

---

[16] ECF No. 87.
[17] ECF No. 88.