UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM R. MCHUGH III, ANTHONY PARR, and REBECCA TAYLOR, | * * * * | CIVIL ACTION NO.: 2:24-cv-1300 |
| | | JUDGE: BRANDON S. LONG |
| Plaintiffs, | * * | MAGISTRATE JUDGE: EVA J. DOSSIER |
| v. | * * | |
| SAINT TAMMANY PARISH, and DAVID COUGLE, in his official capacity, | * * * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EXHIBITS

**NOW INTO COURT,** pursuant to this Court's September 18, 2024 Minute Entry and Order, (ECF 97), the Defendants, St. Tammany Parish Government (the "Parish") and David Cougle, in his official capacity ("Cougle") (collectively, the "Defendants"), file this memorandum in support of Defendants' objections to Plaintiffs' Exhibits List filed with the Court, (ECF 106). See Exhibit "A" attached hereto.[1]

## LAW AND ARGUMENT

Hearsay is defined as a statement, that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). "Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 802.

---

[1] Plaintiffs did not identify any deposition testimony as evidence that they intend to use at trial. Notwithstanding, the Defendants addressed the deposition testimony of Council members as being protected from disclosure by the legislative privilege in the motion in limine filed on behalf of and by the individual legislators. ECF 70.

1. NEWSPAPER ARTICLES:

The admissibility of newspaper articles is not a novel question. The Fifth Circuit, in a decision that dates back more than fifty years, deemed the admissibility of newspaper articles to be within the trial judge's discretion where the evidence is necessary and trustworthy. "We do not characterize this newspaper as a 'business record', nor as an 'ancient document', nor as any other readily identifiable and happily tagged species of hearsay exception. It is admissible because it is necessary and trustworthy, relevant and material, and its admission is within the trial judge's exercise of discretion in holding the hearing within reasonable bounds." *Dall. Cty. v. Commercial Union Assurance Co*., 286 F.2d 388, 397-98 (5th Cir. 1961). The guarantee of trustworthiness and necessity requirements are codified at Fed. R. Evid. 807, which provides for the admission of hearsay when (1) "the statement has ... circumstantial guarantees of trustworthiness;" (2) "is offered as evidence of a material fact;" (3) "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) admission "will best serve the purposes of [the Federal Rules of Evidence] and the interests of justice."

In this case, the newspaper articles listed in Plaintiffs exhibit list do not meet the requirements to trigger the exception in Rule 807. First, the Plaintiffs will not offer evidence to show that the Slidell Independent articles meet the trustworthiness requirement. In response to a subpoena issued to the paper's publisher, Kevin Chiri, Mr. Chiri explained that the Slidell Independent is a small paper, with questionable bookkeeping practices that has only been in existence for ten years. See Exhibit "B". When asked about the reliability of Mr. Chiri, and the accuracy of his quotes, Councilman Cougle testified under oath that "Mr. Chiri "has a habit of adding, embellishing quotes ...". See Exhibit "C".

Next, the newspaper articles in question are not offered as evidence of a material fact. David Cougle is not a defendant. Any article that concerns the St. Tammany Parish Library system, the Library Board of Control ("LBOC") or David Cougle that predates the date that Bill McHugh and Anthony Parr were appointed has nothing to do with their claims. Articles that predate their appointment in June of 2023 to the LBOC have nothing to do with Ms. Taylor's claim because this is not about what David Cougle said or did as a private citizen with the right, guaranteed by the First Amendment of the Unites States Constitution, to criticize the St. Tammany Parish Library system; the LBOC; and the elected officials who served on the Parish Council before 2024. Plaintiffs' newspaper articles are not intended to show any element or any aspect of the Plaintiffs' claims. The documents on Plaintiffs' exhibit list that should not be admitted into evidence because they are unreliable hearsay are: Documents 3, 6, 38, 62, 104, 112. Exhibit "A"

Plaintiffs also list other newspaper articles that, while they may be from an otherwise trustworthy publication, Nola.com and PBS, do not meet the remaining three prongs of the Rule 807 test. Plaintiffs' exhibits 5, 54 and 20 are an election guide, a November 22, 2022 Nola.com article "Library creates new cards for kids" and a PBS article concerning the rise in the number of book challenges. These three exhibits are not "offered as evidence of a material fact;" (3) "are [not] more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) their admission "will [not] best serve the purposes of [the Federal Rules of Evidence] and the interests of justice." The article from 2022, Plaintiffs' Exhibit "5", has no bearing on McHugh or Parr's claims because it predates their appointment to the LBOC. It has no bearing on Ms. Taylor's claim because Parish Councilmembers Tanner, Binder, Laughlin, Cazaubon and O'Brien were the only current Council Members that were sitting at the time. And, Councilmembers Binder, Cazaubon and O'Brien are not expected to testify at

trial. The Nola.com election guide and the PBS article that predates 2024 are also not more probative on the point for which they are offered than any other evidence and their admission will not best serve the interest of justice. The Plaintiffs are not required to prove any of the facts that are allegedly discussed in these documents and they should not be admitted into evidence. Defendants object to Documents: 2 6 7 14 16 22 26 64 105

**2. SCREEN GRABS:**

The next general category of documents that are objectionable are "screen grabs" of Facebook posts and other internet content. Facebook records, even when authenticated under Rule 902(1) are not admissible. The business records exception to the hearsay rule does not apply. *United States v. Wallace*, No. 3:21-CR-47-CWR-LGI, 2023 U.S. Dist. LEXIS 45113, at *2 (S.D. Miss. Mar. 17, 2023). Although the Plaintiffs identified a number of Facebook posts and other internet content as exhibits, as of the time this memorandum is being prepared the Plaintiffs have not provided the Defendants with numbered copies of the exhibits. Consequently, the Defendants cannot address each specific exhibit at this time. Broadly, the objection applies to the following documents identified on the Plaintiffs' Exhibit List: 10, 16-19, 22, 25, 26, 27, 29-37, 39, 41, 33 44-49, 55, 59, 61, 66, 110, 111, 116.

**3. THIRD-PARTY EMAILS.**

There is no "across-the-board" rule that all emails are admissible as business records." *In re Oil Rig "Deepwater Horizon",* No. 2179, 2012 U.S. Dist. LEXIS 3406, at *17 (E.D. La. Jan. 11, 2012). Even when the "outer hearsay" of the email at issue may be admissible under the business records exception, the "inner hearsay" of information provided by an outsider to the business preparing the record must likewise fall under a hearsay exception—the business records exception or some other exception—to be admissible. *Id.* at 17-18 (E.D. La. Jan. 11, 2012). Again,

because the Plaintiffs have not identified the documents that they intend to offer as exhibits by number, the Defendants cannot make document specific arguments. However, the majority of the third-party emails in question are emails from either St. Tammany Library Accountability Project ("STLAP") or Connie Phillips. Most, if not all, were sent prior to 2024. None of the documents in question, as they are described on the Plaintiffs' exhibit list, are admissible under the business record exception to the hearsay rule. And, none of the documents in question go to prove the substance of the Plaintiffs' claims. Defendants object to the following exhibits as inadmissible hearsay and not relevant under Fed. R. Evid. 802 and 401: Documents 40, 42, 43, 51, 56, 57, 58, 60, 68, 74, 75, 81, 85, 86, 88, 93, 97, 98.

### 4. LEGISLATIVE PRIVILEGE:

The recordings Mr. McHugh made of his conversations with Councilmembers Cheryl Tanner and Jeff Corbin are subject to the legislative privilege. (Plaintiffs' Exhibits 96 and 105 listed on Exhibit "A"). The Defendants incorporate by reference their brief filed in support of the motion in limine on the issue of legislative privilege (ECF 70-1).

Respectfully submitted:

**J. COLLIN SIMS**
**DISTRICT ATTORNEY**
**22ND JUDICIAL DISTRICT**

By: _____
**JAMES J. BOLNER, JR. (La. Bar Roll No. 21485)**
**ANGEL L. BYRUM (La. Bar Roll No. 30423)**
**ALEX L.M. DUCROS (La. Bar Roll No. 32128)**
**Assistant District Attorneys**
21454 Koop Drive, Suite 2G
Mandeville, Louisiana 70471
Telephone: (985) 898-3427
Facsimile: (985) 867-5124
Email: jjbolner@22da.com
albyrum@22da.com
aducros@22da.com
***Counsel for Defendants***