UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM R. MCHUGH III, ANTHONY PARR, and REBECCA TAYLOR,<br><br>Plaintiffs,<br><br>v.<br><br>SAINT TAMMANY PARISH, and DAVID COUGLE, in his official capacity,<br><br>Defendants. | CIVIL ACTION NO.: 2:24-cv-1300<br><br>JUDGE: LONG<br><br>MAGISTRATE JUDGE: DOSSIER |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
WITNESS, EXHIBIT, AND LEGISLATIVE PRIVILEGE OBJECTIONS**

Pursuant to this Court's October 7, 2024, Order, R. Doc. 112, Plaintiffs submit the following response to Defendants' Witness, Exhibit, and Legislative Privilege Objections, R. Docs. 109, 110, 111, respectively. Plaintiffs address each in turn. Generally, Plaintiffs respond that Defendants' objections are entirely premature, as the proposed exhibits, much less specific statements, have not been offered into evidence. To the extent legislative privilege applies in this case, it has been waived with respect to Plaintiffs' exhibits.

**I.    Defendants' Objection to Plaintiffs' Witness List**

Defendants apparently misconstrue Plaintiffs' intentions regarding four Saint Tammany Parish Council ("Parish Council," the "Council") members whom Plaintiffs have listed as witnesses, and they erroneously state that Plaintiffs' counsel "will not abide by" previous

1

stipulations. Undersigned counsel proposed using designated portions of the witnesses' deposition testimony in lieu of their live testimony as a compromise because defense counsel objected to Council members appearing as live witnesses. The parties were unable to reach agreement on this proposal, and accordingly Plaintiffs have not listed deposition transcripts among their proposed exhibits and do not plan to introduce deposition transcripts as evidence. However, Plaintiffs reserve the right to use deposition transcripts to impeach witness testimony if necessary.

On the issue of legislative privilege, the parties obviously disagree. Defendants' position appears to be that sitting Parish Council members can provide only testimony that is subject to legislative privilege; Plaintiffs disagree. Plaintiffs intend to elicit testimony from Parish Council members on a variety of subjects that are not within the legislative process. Indeed, the four Council witnesses provided deposition testimony on a range of issues outside the legislative process, and Plaintiffs are entitled to elicit such testimony at the scheduled hearing. Moreover, Plaintiffs have never agreed to stipulate that "all of the councilmembers' testimony pertaining to facts within the legislative sphere [are] covered by the legislative privilege."

As this Court has noted, determining the applicability of a privilege is a highly fact-specific inquiry, and the broad stipulation articulated by Defendants would prohibit virtually any witness questioning regardless of the specific facts at issue. Plaintiffs agreed that Council members' depositions would be taken subject to assertions of, and this Court's ruling on, legislative privilege. Plaintiffs refused to accept a blanket "standing objection" at the Council members' depositions and Plaintiffs' counsel repeatedly insisted that privilege objections must be made contemporaneously with questions deemed objectionable. That stipulation is reflected in the deposition transcripts. *See* Ex. A, B, C, D.

Finally, Defendants are incorrect that the "use of live and deposition testimony" violates the limited stay entered by this Court on August 12, 2024. That Order stayed "any obligation to provide testimony subject to an unwaived legislative-privilege claim encompassed within the appeal." R. Doc. 91 at 6. The stay did not prohibit all testimony, as Defendants suggest. Defendants' apparent strategy is to assert legislative privilege to prevent *any* testimony by Council member witnesses, except what the defense itself elicits. That is improper and unfair, and this Court should decline to uphold such an overly broad prohibition.

## II.     Defendants' Objection to Plaintiffs' Exhibits

Defendants mistakenly assert that Plaintiffs have not provided them with numbered copies of exhibits; Plaintiffs filed a numbered list, R. Doc. 104, and previously provided all proposed exhibits to Defendants in advance of the scheduled bench trial. The previously filed exhibit list, R. Doc. 64 (amended at R. Doc. 82), is virtually identical.

Aside from two audio recordings, Defendants object to three broad categories of proposed exhibits listed by Plaintiffs: newspaper articles; screen grabs; and "third party" e-mails. Defendants object on grounds of hearsay, claiming that the proposed exhibits constitute out-of-court statements offered to prove the truth of matters asserted. Fed. R. Evid. 801(c). But these exhibits do not necessarily constitute hearsay, and even if certain statements *are* hearsay, they may be admissible under various exceptions. Fed. R. Evid. 803.

Because these rules must be applied in the context of each piece of evidence, and because Plaintiffs have not yet offered such evidence, it is inappropriate to preemptively rule on their admissibility. *See Butler v. Louisiana*, 2014 WL 7186120, at *3 (M.D. La. Dec. 16, 2014) ("These rules must be applied in the context of a specific statement to properly determine whether a hearsay statement is being made and/or whether an exception exists. Thus, the Court will not preemptively

exclude factual testimony that may not in fact be inadmissible."); *see also Hendrick v. ITT Engineered Valves, LLC*, 2018 WL 11224345, at *1 (N.D. Miss. Nov. 27, 2018) ("Attempting to prohibit such testimony at this stage is premature, as hearsay evidence is evaluated under the rules of evidence pursuant to a timely objection at trial.")

Finally, hearsay evidence may also be admissible because such materials may be considered and relied on in preliminary injunction proceedings. *See, e.g.*, *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987) (citing *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23 (1st Cir. 1986)); *see also W. Sur. Co. v. Magee Excavation & Dev., LLC*, No. CV 23-1097, 2023 WL 3377163, at *4 (E.D. La. May 11, 2023) (citing *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993) ("Furthermore, at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.").

With respect to newspapers, official documents such as newspapers and periodicals may be self-authenticating. *See* Fed. R. Evid. 902 (Printed material purporting to be a newspaper or periodical requires no extrinsic evidence of authenticity to be admitted). Several of the newspaper articles listed as exhibits contain myriad statements, and Defendants do not identify which statements are objectionable hearsay. It is impossible for Plaintiffs, or this Court, to evaluate the admissibility of such statements in the abstract, without knowing the purpose for which they are being offered; their circumstantial guarantees of trustworthiness; and their relevance. Defendants apparently object to the use of statements attributed to Defendant David Cougle, for example, but he acknowledged having made several such statements during his deposition and will have the opportunity to testify personally about them.

With respect to screen grabs and other online content, virtually the same analysis applies. Plaintiffs' witnesses will offer testimony about specific images or statements they recorded or viewed online, at which point objections to their admissibility may be appropriate. For example, "screen grabs" listed among Plaintiffs' exhibits are not hearsay if they are not offered to prove the truth of the matter asserted. As this Court has held, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 2016 WL 8541045, at *3 (E.D. La. Dec. 20, 2016).

With respect to "third-party" e-mails, they are likewise subject to authentication at the scheduled hearing before they would be admissible. For example, such e-mails may be produced with threads that provide sufficient contextual information, or testimony, to demonstrate its authenticity. When considering e-mails, courts have held the testimony of the sender is not required for authentication. *Louisiana Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, 2021 WL 5360625, at *2 (E.D. La. Nov. 17, 2021). Other means may be used to authenticate them at a hearing, including the sending address, the context, and content of the message. *Id.*; *see also* Fed. R. Evid. 901(b)(4). Moreover, most if not all of the e-mails to which Defendants object were produced by the Saint Tammany Parish Government in response to public-records requests, making them admissible.

Defendants also make relevance objections to Plaintiffs' proposed exhibits that can be easily dismissed. They argue that documents and evidence reflecting statements that Defendant David Cougle made before his election to the Parish Council are irrelevant, but this Court has already ruled against Defendants on that point: "Cougle has not carried his burden to show that information pre-dating his appointment is irrelevant." R. Doc. 57 at 28. Defendant Cougle's

statements before he took office as a Parish Council member are relevant because they demonstrate his discriminatory animus that resulted in Plaintiffs' expulsion from the Library Board.

Finally, Defendants object that recordings Plaintiff William McHugh made of telephone conversations with two Council members are "subject to the legislative privilege." For the reasons described below, any applicable privilege was waived when the Council members disclosed information to him that he recorded. Even if the legislative privilege applies, and Plaintiffs continue to steadfastly assert that it does not, its waiver in this instance is incontestable.

### III. Defendants' Objection to Evidence Covered by Legislative Privilege

As a threshold matter, the purported "intervenors" who assert objections to proposed evidence are not properly before this Court and their objections are not cognizable. Pursuant to Federal Rule of Procedure 24, a court must permit anyone to intervene upon timely motion. Moreover, a motion to intervene must be served on the parties stating the grounds for intervention, accompanied by a pleading that sets out the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c). Here, the purported intervenors are nine St. Tammany Parish Councilmembers. However, only one member of the Saint Tammany Parish Council is a party: Defendant David Cougle. The eight purported intervenors have never filed a motion to intervene in these proceedings, and none has been granted. They therefore lack standing.

Regardless, Defendants' objections are without merit. Although they are pursuing an interlocutory appeal of this Court's August 9, 2024, Order concerning the application of legislative privilege, R. Doc. 85, that appeal concerns whether the challenged Resolution passed by the Council on May 2, 2024 and related acts are legislative. But even assuming *arguendo* that the privilege applies in this case, Defendants have indisputably waived it in several instances, including documents and information released to the public. In the recorded phone calls at issue

here, Defendants waived privilege because they disclosed information to Plaintiff William McHugh, who was not within the "legislative process" at the time of those conversations.

Defendants' flawed argument is based on a misreading of *La Union del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. 2023) ("*Abbott I*"), in which the Court noted that "communications with third parties, such as private communications with advocacy groups, are protected by legislative privilege …" *Id*. at 235-236. But, as the Court's opinion made clear, that extension of the privilege may apply to protect conversations in which lawmakers consult with "executive officers, partisans, political interest groups" seeking advice about legislation. *See La Union del Pueblo Entero v. Abbott*, 93 F.4th 310, 321–22 (5th Cir. 2024) ("*Abbott II*") (noting communications outside the legislature are part of the "modern legislative procedures through which legislators *receive* information possibly bearing on the legislation they are about to consider") (emphasis added). That is not the case here—Mr. McHugh was not contacted for information about potential legislation or consulted for policy advice.

More importantly, even if the legislative privilege applied here—which it does not—it could only be invoked by the "legislator" to protect against his or her compelled disclosure. The legislative privilege is personal to the legislator. *Abbott II*, 93 F. 4th at 321 (citing *Gravel v. United States*, 408 U.S. 606, 619 (1972)). When a legislator "brings third parties into the legislative process, those third parties may invoke the privilege on that legislator's behalf for acts done at the direction of, instruction of, or for the legislator." *Id*. at 233. Mr. McHugh is not a legislative aide or assistant, and he was not "brought into" the legislative process. But even if he were, he could invoke the privilege on behalf of a Council member, not the other way around. The privilege, if applicable, would not prevent Mr. McHugh from disclosing information provided to him.

In *Abbott I*, plaintiffs sought discovery from non-party state legislators, who withheld some documents and cited legislative privilege; the district court rejected their claims of privilege, and the Fifth Circuit reversed. *Id*. at 231. Thus, the legislators in *Abbott* invoked privilege to avoid producing documents in response to discovery, which all parties agreed were legislative documents—not to prevent a third party from disclosing information in a non-legislative document he created. *Abbott* is inapposite here because the purported legislators—two Parish Council members—are not seeking to prevent disclosure of documents they withheld. They are seeking to prevent a third party from disclosing information in documents they did not create, withhold or even possess, i.e. recordings that he made.

In other words, the council members who made the recorded statements could invoke the privilege in response to questions in court about their conversations; they would therefore not be required to answer. Or, if they had created the recordings and possessed them, they could invoke privilege to withhold them. But they cannot invoke the privilege to prevent Mr. McHugh from testifying about conversations he had, and they cannot invoke it to prevent introductions of recordings he made.[1] To the extent the privilege was available to the Parish Council members, they waived it.

## CONCLUSION

For all the reasons articulated above, this Court should overrule Defendants' objections to Plaintiffs' witnesses, exhibits, and to the introduction of recordings allegedly covered by the legislative privilege.

---

[1] Defendants mistakenly assert that Mr. McHugh has "honored his pledge to keep the recordings confidential pending a ruling from the Fifth Circuit on the issue of privilege." R. Doc. 111 at 4. Mr. McHugh made no such pledge, and he is under no obligation to keep the recordings confidential. Defendants apparently refer to the stipulations agreed to with respect to deposition testimony referenced above, but no such agreement exists as to the recordings.

Respectfully submitted by:

/s/ *Bruce Hamilton*
Bruce Hamilton, La. Bar No. 33170
Warfield Hamilton Law, LLC
725 Hagan Avenue
New Orleans, Louisiana 70110
Telephone: (504) 507-0816
Email: WarfieldHamiltonLaw@Gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of October, 2024, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and that service will be provided through the CM/ECF system.

/s/ *Bruce Hamilton*